**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112511

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jonathan Guerrero, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Miller & Milone, P.C.,<br><br>Defendant. | Docket No:<br><br>**CLASS-ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Jonathan Guerrero (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Miller & Milone, P.C. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Miller & Milone, P.C., is a New York Professional Corporation with a principal place of business in Nassau County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated November 16, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

18. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

19. A collection letter is deceptive under 15 U.S.C. § 1692e if it purports to be from a law firm without disclosing to the consumer information concerning "meaningful attorney involvement" in connection with the collection of the debt.

20. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

21. A collection letter purporting to be from a law firm is not deceptive so long as it contains a disclaimer such as the following: "At this time, no attorney with this firm has

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

personally reviewed the particular circumstances of your account."

22. The Letter identifies Defendant as "Miller & Milone P.C., Attorneys at Law."

23. The Letter contains no disclaimer, such as that set forth in Paragraph 21 above, concerning "meaningful attorney involvement" in connection with the collection of the debt.

24. Whether an attorney is personally involved in the collection of a debt is a material piece of information.

25. The least sophisticated consumer would likely reasonably, but inaccurately, interpret the Letter to mean that an attorney has personally reviewed the particular circumstances of Plaintiff's account.

26. The least sophisticated consumer would likely reasonably, but inaccurately, interpret the Letter to mean that an attorney is personally involved in the attempted collection of Plaintiff's debt.

27. The least sophisticated consumer, because of the aforementioned failures, would likely be deceived by the Letter.

28. The least sophisticated consumer, because of the aforementioned failures, would likely be deceived by the Letter in a material way.

29. Defendant's conduct, as described above, violates 15 U.S.C. § 1692e.

30. Defendant's conduct, as described above, violates 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

31. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt in a deceptive manner, as described above, from one year before the date of this Complaint to the present.

32. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

33. Defendant regularly engages in debt collection.

34. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts in a deceptive manner, as described above.

35. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over

any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

37.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

38.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.  Certify this action as a class action; and

    b.  Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c.  Find that Defendant's actions violate the FDCPA; and

    d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.  Grant Plaintiff's costs; together with

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      g.  Such other relief that the Court determines is just and proper.

DATED: November 16, 2017

                                    **BARSHAY SANDERS, PLLC**

                                    By: _/s/ *Craig B. Sanders*_____
                                    Craig B. Sanders, Esq.
                                    100 Garden City Plaza, Suite 500
                                    Garden City, New York 11530
                                    Tel: (516) 203-7600
                                    Fax: (516) 706-5055
                                    csanders@barshaysanders.com
                                    *Attorneys for Plaintiff*
                                    Our File No.: 112511